IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 8, 2026 Session[1]

## STATE OF TENNESSEE v. KENNETH RAY SMOTHERMAN, II

**Appeal from the Circuit Court for Benton County**
**No. 23-CR-85      Bruce I. Griffey, Judge**

___

### No. W2025-00458-CCA-R3-CD

___

In 2023, a Benton County jury convicted the Defendant, Kenneth Ray Smotherman, II, of the sale of .5 grams or more of methamphetamine. The trial court sentenced the Defendant as a career offender to thirty years of confinement, to be served at 60%. On appeal, the Defendant contends that the evidence is insufficient to support his conviction and that the trial court erred when it did not instruct the jury on facilitation or casual exchange as lesser-included offenses. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, P.J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and JOHN W. CAMPBELL, SR., JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Kenneth Ray Smotherman, II.

Jonathan Skrmetti, Attorney General and Reporter; George Kirby May, Assistant Attorney General; Neil L. Thompson, District Attorney General; Anthony L. Clark, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Background

This case arises from law enforcement officers conducting a drug buy using a confidential informant ("CI") in March of 2023. For this transaction, the Benton County grand jury indicted the Defendant for "knowingly or intentionally sell[ing] a controlled substance, to-wit: 3.28 GRAMS OF A CRYSTALLINE SUBSTANCE IDENTIFIED AS METHAMPHETAMINE . . ." in violation of Tennessee Code Annotated section 39-17-

___

[1] Oral argument was heard at the University of Memphis School of Law.

434(a)(3) and 39-17-417(c)(1).

The parties presented the following evidence at the trial: Chris Hatley and Jordan Murphy, who were agents with the 24th drug task force at the time of these events, testified that on March 10, 2023, they were investigating the Defendant. Agent Hatley had been with law enforcement for six years and, as a result, had a history with the Defendant.

The CI in this case had been stopped by county law enforcement officers, and officers asked her if she could assist them in cases against other people, which could benefit her. The CI said that she knew the Defendant and could arrange a purchase of methamphetamine from the Defendant. The CI arranged to purchase "an eight-ball," or 1/8 of an ounce, of methamphetamine for seventy-five dollars. The two agreed to meet on Highway 70, but the transaction occurred somewhere else.

When he met the CI on March 10, 2023, Officer Hatley searched her to ensure she had no contraband on her before the drug purchase. Agent Murphy searched her vehicle. The CI was outfitted with a device that tracked her GPS location and also made an audio and video recording of the transaction. The device also transmitted the interactions live to the officers.

The CI went to the preset location for the transaction, but the Defendant's supplier did not have the narcotics at that location, so the Defendant got into the car with the CI, and they went to a second location. The two appeared to be looking into the window at the second location. They left that location and went to a third location, the trailer of Billy Smotherman, who was the Defendant's brother. At that address the Defendant went into the residence and came back out and made the transaction with the CI. Agent Hatley observed the Defendant give the drugs to the CI and take the money from the CI. The officer said he and Agent Murphy drove by the location of the sale as it was occurring. The officer said he did not see anyone inside the trailer.

The officers then met up with the CI again and obtained the eight-ball of methamphetamine. They again searched her vehicle and her person. They brought the drugs back to the narcotics office to be weighed and tested. The drugs tested as methamphetamine and weighed 3.23 grams.

The State played the video recording of the drug buy. The video comports with the officers' testimony in all aspects, save one. At the final stop where the drug sale ultimately occurred, there is a brief point in the video where a person can be seen inside the trailer.[2] In the video, the Defendant said that he was short on money, and the CI told him that she had already given him $70. The video showed the Defendant hand the CI a baggie and her hand him the money. It also showed the Defendant counting the money.

---

[2] We note that the State directed the court's attention to this fact during oral arguments.

2

During cross-examination, the officer agreed that the CI was paid for her work. He also agreed that, at the time of the transaction, he was under the impression that the Defendant would have the drugs on him, but the Defendant did not. The Defendant had to get the drugs before he could sell them to the CI. The officer agreed that the Defendant facilitated the sale of drugs.

During redirect examination, the officer testified that the Defendant went inside the trailer of a man named Billy Smotherman before he sold drugs to the CI. He was unable to say, however, if the drugs came from the trailer, as the CI did not go into the trailer with the Defendant so there was no recording. The officer further said that, usually, the person selling the drugs to the CI will make some money off the drug transaction.

Based upon this evidence, the jury convicted the Defendant of the sale of .5 grams or more of methamphetamine. The trial court sentenced him as a Career Offender to thirty years of incarceration.

## II. Analysis

On appeal, the Defendant contends that the evidence is insufficient to support his conviction and that the trial court erred when it did not instruct the jury on facilitation or casual exchange as lesser-included offenses.

### A. Sufficiency of Evidence

The Defendant contends that the evidence is insufficient to sustain his conviction because the evidence proves that he did not have any methamphetamine in his possession to sell to the informant. He asserts that the evidence did not establish that he sold the methamphetamine to the CI but that he merely assisted her in purchasing the methamphetamine. The State counters that, viewed in the light most favorable to the State, the evidence supports the Defendant's conviction. We agree.

When an accused challenges the sufficiency of the evidence, this court's standard of review is whether, after considering the evidence in the light most favorable to the State, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see* Tenn. R. App. P. 13(e); *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (citing *State v. Reid*, 91 S.W.3d 247, 276 (Tenn. 2002)). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999) (citing *State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990)). In the absence of direct evidence, a criminal offense may be established exclusively by circumstantial evidence. *Duchac v. State*, 505 S.W.2d 237, 241 (Tenn. 1973). "The jury decides the weight to be given to circumstantial evidence, and '[t]he inferences to be drawn

from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury.'" *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006) (quoting *Marable v. State*, 313 S.W.2d 451, 457 (Tenn. 1958)). "The standard of review [for sufficiency of the evidence] 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

In determining the sufficiency of the evidence, this court should not re-weigh or re-evaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999) (citing *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956)). "Questions concerning the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact." *State v. Bland,* 958 S.W.2d 651, 659 (Tenn. 1997). "'A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State.'" *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978) (quoting *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973)). The Tennessee Supreme Court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 370 S.W.2d 523, 527 (Tenn. 1963)). This court must afford the State the "'strongest legitimate view of the evidence'" contained in the record, as well as "'all reasonable and legitimate inferences'" that may be drawn from the evidence. *Goodwin*, 143 S.W.3d at 775 (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000).

The jury convicted the Defendant of one count of the sale of .5 grams or more of methamphetamine. Our statutes provide that it is an offense to knowingly sell a controlled substance. T.C.A. § 39-17-417(a)(3). A sale is "a bargained-for offer and acceptance, and an actual or constructive transfer or delivery" of the substance. *State v. Nixon*, No. M2019-00912-CCA-R3-CD, 2020 WL 4342739, at *3 (Tenn. Crim. App. July 29, 2020) (citing *State v. Holston*, 94 S.W.3d 507, 510 (Tenn. Crim. App. 2002)). Methamphetamine is a

Schedule II controlled substance. T.C.A. § 39-17-408 (b)(4). It is a Class B felony to sell .5 grams or more of methamphetamine. T.C.A. § 39-17-417 at (c)(1).

The evidence in this case, viewed in the light most favorable to the State, proves that the CI contacted the Defendant to purchase methamphetamine. The two agreed to meet at a location for the exchange. When the CI arrived, the two engaged in a video and audio recorded discussion about the quantity of methamphetamine and the pricing. The Defendant did not have possession of the drugs he agreed to sell to her, so they went to a second and then a third location. At that location, the Defendant entered the trailer and returned with an "eight-ball" of methamphetamine that he gave, on video, to the CI who gave him $70. The Defendant is seen counting the money on video. This was clearly a "bargained-for offer and acceptance," and the Defendant did in fact constructively "transfer or deliver[]" the methamphetamine to the CI so as to support a conviction for the sale of methamphetamine. *See Nixon*, 2020 WL 4342739, at *3; *see also Holston*, 94 S.W.3d at 510. The evidence does not support that the Defendant merely facilitated the sale. The Defendant is not entitled to relief.

### B. Casual Exchange Instruction

The Defendant next contends that the trial court failed to instruct the jury on facilitation and casual exchange, as he requested. The State counters first that the Defendant did not request the instruction in writing, so he was not entitled to the instruction. It further posits that the Defendant did not raise this issue in his motion for new trial or at the hearing on the motion for new trial, so our review is limited to plain error. This issue, it contends, does not warrant plain error review. At oral argument, the Defendant conceded he was not entitled to relief pursuant to the facilitation instruction, but he maintained his argument with regard to the casual exchange instruction.

Both the United States and the Tennessee Constitution guarantee a right to trial by jury. U.S. Const. amend. VI; Tenn. Const. art. I, 6. This includes the "right to a complete and correct charge of the law, so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." *State v. Dorantes*, 331 S.W.3d 370, 390 (Tenn. 2011). The constitutional right to trial by jury is violated "when the jury is not permitted to consider all offenses supported by the evidence." *State v. Ely*, 48 S.W.3d 710, 727 (Tenn. 2001). Our supreme court has stressed the dangers inherent in failing to provide a jury with the option of convicting of a lesser-included offense where the prosecution has established criminal conduct beyond a reasonable doubt: "Such a scenario forces a jury into an 'all or nothing' decision that, unfortunately, is likely to be resolved against the defendant, who is clearly guilty of 'something.'" *Burns*, 6 S.W.3d at 466.

"This does not mean, however, that an instruction must be given simply because an offense is a lesser-included offense of another." *State v. Dellinger*, 79 S.W.3d 458, 496 (Tenn. 2002). A trial court must instruct a jury as to all lesser-included offenses that are

requested by a party in writing, if the trial court determines that (1) the record contains any evidence that reasonable minds could accept as to the existence of the lesser-included offense; and (2) the conviction for the lesser-included offense is supported by legally sufficient evidence. T.C.A. § 40-18-110(a); *see also Burns*, 6 S.W.3d at 469. However, when no written request is made by a party for an instruction on a lesser-included offense, as in this case, the trial court may charge the lesser-included offense, but a party is not entitled to such an instruction. *State v. Fayne*, 451 S.W.3d 362, 370-71 (Tenn. 2014) (citing T.C.A. § 40-18-110 (2012)).

The State correctly notes that the Defendant did not ask for the lesser-included offense of casual exchange in writing. Further, he did not raise this issue in his motion for new trial or at the hearing on the motion for new trial. Failure to raise an issue of error in a motion for a new trial, other than sufficiency of the evidence or sentencing, waives that issue for purposes of appellate review. *See* Tenn. R. App. P. 3(e). The Defendant did not file a response to the State's waiver argument. At oral argument, the Defendant's counsel argued that this court should review the issue despite the failure to submit the jury instruction request in writing because it was fairly raised by the evidence.

Importantly, if a defendant "fails to request an instruction on a lesser-included offense in writing at trial, the issue will be waived for purposes of plenary appellate review and cannot be cited as error in a motion for a new trial or on appeal." *State v. Page*, 184 S.W.3d 223, 229 (Tenn. 2006). While a defendant's failure to request a lesser-included offense instruction in writing waives the right to raise such omission as an issue on appeal, the right itself is not waived because the trial court may still charge the jury on any instructions supported by the evidence. *See Id.* (citing T.C.A. § 40-18-100(b)). The trial court would presumably still give lesser-included offense instructions, even when not requested, when those instructions are necessary for a fair trial.

When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time," under plain error review. Tenn. R. App. P. 36(b). Plain error review, however, is discretionary and should be sparingly exercised. *State v. Banks*, 271 S.W.3d 90, 119 (Tenn. 2008); *State v. Bledsoe*, 226 S.W.3d 349, 354 (Tenn. 2007). Importantly, the appellant requesting relief of an unpresented or unpreserved issue has the burden of persuading the appellate court that plain error relief is warranted to correct the trial court's obvious error. *Bledsoe*, 226 S.W.3d at 355; *State v. Maddin*, 192 S.W.3d 558, 562 (Tenn. 2005). Considering this burden of persuasion, an appellant's failure to request plain error review weighs against consideration of an unpresented or unpreserved issue. *State v. Thompson*, No. W2022-01535-CCA-R3-CD, 2023 WL 4552193, at *5 (Tenn. Crim. App. July 14, 2023) (citing *State v. Cornwell*, No. E2011-00248-CCA-R3-CD, 2012 WL 5304149, at *18 (Tenn. Crim. App. Oct. 25, 2012), *perm. app. denied* (Tenn. Mar. 5, 2013)), *no perm. app. filed*.

In *State v. Maxwell*, No. M2024-00786-CCA-R3-CD, 2026 WL 592500 (Tenn.

6

Crim. App. Mar. 3, 2026), *no perm. app. filed*, we noted that "This is especially true where, as here, a defendant requests relief on an unpresented or unpreserved issue, the State responds that such a claim is waived but, regardless, does not merit plain error relief, and the defendant nevertheless neglects to respond to the State's waiver argument via a responsive filing." (citing *Thompson*, 2023 WL 4552193 at *5 ("Where a defendant fails to respond to a waiver argument, only particularly compelling or egregious circumstances could typically justify our *sua sponte* consideration of plain error relief.")). Here, the Defendant in his brief and at oral argument failed to respond to the State's argument as to either waiver or plain error. Accordingly, the Defendant has failed to establish that this court should consider the unpreserved jury instruction issue for plain error. He is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the trial court's judgment.

s/ ***Robert W. Wedemeyer***

ROBERT W. WEDEMEYER, PRESIDING JUDGE